**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

TOD KEVIN HOUTHOOFD,

      Petitioner,

v.                                               Case No. 22-11123

FREDEANE ARTIS,

      Respondent.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS (ECF NO. 10), GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AMENDED MEMORANDUM (ECF NO 22), AND DIRECTING PETITIONER TO RESPOND TO THE COURT**

On May 18, 2022, Petitioner Tod Kevin Houthoofd, an inmate confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now proceeding through counsel, Petitioner is challenging his 2006 Saginaw County Circuit Court convictions of solicitation to commit murder, Mich. Comp. Laws § 750.157b, witness intimidation, Mich. Comp. Laws § 750.122, and obtaining property valued over $100 by false pretenses, Mich. Comp. Laws § 750.218. Petitioner's sentences for the latter two offenses have expired, but he continues to serve a term of incarceration of thirty to fifty years on the solicitation charge.

Now before the court are Respondent's motion to dismiss the petition for lack of exhaustion, and Petitioner's motion for leave to file an amended memorandum in response. (ECF Nos. 10, 22.) The court has reviewed those pleadings and related

documents, as well as the pertinent portions of the record. As explained in more detail below, Respondent's motion will be dismissed without prejudice, and Petitioner's motion for leave will be granted. However, because Petitioner has conceded that a number of his claims are unexhausted, the court will direct Petitioner to inform it whether he wishes to dismiss those claims and proceed with the remainder of the petition, or if he seeks to return to the state courts to exhaust the unexhausted issues.

## I. BACKGROUND

The procedural history of Petitioner's case in the state courts is lengthy and convoluted. Petitioner was convicted in 2006 of solicitation to commit murder, Mich. Comp. Laws § 750.157b, witness intimidation, Mich. Comp. Laws § 750.122, and obtaining property valued over $100 by false pretenses, Mich. Comp. Laws § 750.218. The false pretenses offense occurred in 1998, when Petitioner rented a tractor and rototiller from a rental equipment store using someone else's name and driver's license, and failed to return the equipment. *People v. Houthoofd*, No. 269505, 2010 WL 4906128, at *1 (Mich. Ct. App. Dec. 2, 2010). The first trial ended in a hung jury and, before Petitioner was to be retried on the false pretenses, a detective who investigated Petitioner's case received a phone call threatening to harm him and his family, resulting in the witness intimidation charge. *Id.* at *2. Finally, while Petitioner was detained in the Arenac County Jail, he purportedly solicited a fellow prisoner to kill the complainant in the false pretenses case. *Id.*

The cases were consolidated, and a Saginaw County Circuit Court jury convicted Petitioner of all three charges. *Id.* Despite a guidelines range for a minimum sentence from ten and one-half to seventeen and one-half years for the most serious count,

2

solicitation to commit murder, the trial court sentenced Petitioner to a prison term of forty to sixty years. *Id.* at *3.

A series of appeals followed. *See*, *inter alia*, *People v. Houthoofd*, No. 349886, 2021 WL 219533 (Mich. Ct. App. Jan. 21, 2021), *appeal denied*, 508 Mich. 925, 963 N.W.2d 364 (2021), *reconsideration denied*, 966 N.W.2d 357 (Mich. 2021) (challenge to July 2019 resentencing following remand); *People v. Houthoofd*, No. 332323, 2018 WL 1342217 (Mich. Ct. App. Mar. 15, 2018) (challenge to December 2017 resentencing following remand); *People v. Houthoofd*, No. 332323, 2017 WL 4078207 (Mich. Ct. App. Sept. 14, 2017) (challenge to March 2016 resentencing following remand; also noting "[t]his case has been before us on four previous occasions, and defendant has been resentenced in connection with his solicitation to commit murder conviction on three occasions.").

Petitioner also filed two previous habeas petitions before this court. In *Houthoofd v. Woods*, No. 2:16-CV-10621, 2016 WL 807948 (E.D. Mich. Mar. 2, 2016), the court dismissed the petition without prejudice because "Petitioner's solicitation to commit murder conviction is not yet final given that the Michigan Court of Appeals vacated his sentence and remanded his case to the state trial court for re-sentencing." *Id.* at *2. An earlier petition was similarly rejected because resentencing was also pending. *Houthoofd v. Woods*, No. 2:15-CV-12764, 2015 WL 4967050, at *3 (E.D. Mich. Aug. 20, 2015).

Petitioner's most recent resentencing occurred in December 2019, when the trial court imposed a term of thirty to fifty years for the conviction of solicitation to commit murder. *People v. Houthoofd*, No. 349886, 2021 WL 219533, at *1. Petitioner appealed

3

by right, and the court of appeals affirmed the sentence. *Id.* The Michigan Supreme Court denied Petitioner leave to appeal and his motion for reconsideration. *People v. Houthoofd*, 508 Mich. 925, 963 N.W.2d 364; *reconsideration denied*, 966 N.W.2d 357 (Mich. 2021). The latter motion was denied on December 1, 2021. Accordingly, Petitioner's conviction became final 90 days later, on March 1, 2022.

In May 2022, Petitioner filed a petition for habeas corpus, raising the following claims:

I. Prosecutor misconduct denied Petitioner a fair trial when he violated the guarantees provided by the U.S. Constitution to a fair trial.

1. The prosecutor used inadmissible evidence.

2. The prosecutor fabricated and falsely presented the driver's license to the court and jury in two trials.

3. The prosecutor misrepresented Mr. Wurtzel's testimony at trial.

4. The prosecutor commented twice that Petitioner did not take the witness stand.

5. The prosecutor attacked the credibility of Petitioner's witnesses.

6. The prosecutor dwelled on Petitioner's work history at General Motors ad nauseum, and his closing arguments were irrelevant.

7. The jurors' fear of Petitioner became a matter of the trial record before the verdict and after the verdict; not by the evidence, but by the Prosecutor's improper character assassination.

8. The prosecutor committed fraud on the Court and jurors by not disclosing that a deal had been made to Michael Dotson for his testimony.

9. The prosecutor knowingly used police perjury to convey jurisdiction to the Court and to himself.

10.A. The prosecutor denied Petitioner access to favorable evidence.

10.B. This was a denial of prepared counsel to cross examine Det. Sgt. Eberhauf.

4

10.C. This was also a denial of Petitioner's right to present a favorable witness.

II. Petitioner Houthoofd was denied his right to effective assistance to counsel by attorney Bruce Patrick – P52485 – in the intimidation of a witness and solicitation to murder cases. Trial dates: 1-4-06 to 2-13-06.

A. Arrest warrants were issued without a probable cause determination on officer Raushenberger's felony complaints.

B. Attorney Patrick was ineffective for failing to investigate an important alibi witness.

C. Attorney Patrick did not object to the prosecutor's gross misconduct during closing argument.

D. Attorney Patrick was ineffective for not objecting to the jury instructions that relieved the prosecutor from proving venue and allowing the jurors to convict on an impermissible theory causing structural error in the trial.

E. Attorney Piazza P. 30172 did not object when the prosecutor misrepresented Wurtzel's trial testimony during closing argument.

III. The Michigan Supreme Court misapplied federal constitutional law under the U.S. 6th Am. when it applied harmless error to improper venue.

IV. Appellate counsel failed to brief dead-bang winners.

1. To exclude inadmissible evidence.

2. The prosecutor made a deal with his witness not to be arrested.

3. A juror was removable for cause and predetermination.

4. An unconstitutional jury instruction causing structural error.

5. Police perjury to get a warrant.

6. The trial court lacked jurisdiction.

7. Fraud on the court by the Magistrate.

8. Police entrapment.

9. Petitioner's affirmative defense under MCL 750.157b(4).

10. Counsel's ineffectiveness during the plea-bargaining process.

(ECF No. 1, PageID.2–4.)

In August 2022, Petitioner filed a motion for relief from judgment in the state trial court raising many of the same issues he raises in the current petition. (Mot., ECF No. 13-3.) The motion was returned to Petitioner because it exceeded the page limit set out by Mich. Ct. R. 6.502(C), which governs such motions. (Order, ECF No. 13-4, PageID.3183.) Petitioner sought leave to appeal the trial court's decision in the Michigan Court of Appeals. According to the state appellate court docket,[1] the application for leave was dismissed for failure to conform to the court rules. *People v. Houthoofd*, Docket No. 364799 (unpublished order) (Mich. Ct. App. May 30, 2023). Petitioner appears not to have filed an application for leave to appeal that decision to the state supreme court.

Respondent filed a motion to dismiss the petition in December 2022, based on Petitioner's failure to exhaust his claims. Petitioner filed a response to the motion and a motion for leave to file an amended memorandum in support, among other pleadings; and Respondent filed a reply.

## II. STANDARD

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requires all claims to be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015); *see also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the

---

[1] The Court is "authorized to 'take judicial notice of proceedings in other courts of record[.]'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (citations omitted).

6

federal level, each claim must be presented at every stage of the state appellate process."). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court. *Wagner*, 581 F.3d at 414 *(*citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for those claims. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). The claims must be presented to the state courts as federal constitutional issues, not just issues arising under state law. *Id.* (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987). The burden is on the petitioner to prove exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994)).

A federal district court has discretion to stay a petition containing both exhausted and unexhausted claims to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances." *Id*. at 277. *Rhines* describes those circumstances as follows: when the one-year statute of limitations poses a concern, the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the

petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. Federal courts may still dismiss a mixed petition, as long as that action would not "unreasonably impair the petitioner's right to obtain federal relief." *Id*. at 278 (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (plurality opinion)).

## III. DISCUSSION

### A. Petitioner's motion for leave to file an amended memorandum

The general rule governing pleading amendments, Federal Rule of Civil Procedure 15, is applicable to habeas proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing 28 U.S.C. § 2242). Rule 15(2) permits amendments by the court's leave and instructs that "[t]he court should freely give leave when justice so requires." *Id*. Rule 15(d) also authorizes a court "on just terms, [to] permit a party to serve a supplemental pleading . . ."

Petitioner's proffered amended memorandum provides a more complete response to Respondent's motion to dismiss. It is thus appropriate to grant the motion and permit its submission.

### B. Respondent's motion to dismiss

Because Petitioner failed to exhaust his claims, Respondent seeks dismissal of the petition or alternatively, that the court stay the petition and hold it in abeyance. (ECF No. 10.) Respondent argues that many of the claims in the current petition were not brought before the state courts until his most recent motion for relief from judgment. At the time Respondent filed the motion to dismiss, the state appellate courts had not acted on Petitioner's appeal of the trial court's rejection of his motion. As noted above,

8

the court of appeals has now rejected Petitioner's application for leave, and Petitioner did not seek leave to appeal at the state supreme court.

Petitioner responded to the motion, most recently with the amended memorandum mentioned above. For the majority of his claims, Petitioner cites the record to demonstrate when and where he raised individual issues in the state appellate courts for the purposes of exhaustion.

However, Petitioner also concedes that several claims were not fully exhausted in the state courts. Petitioner specifically admits at least six issues are unexhausted: one issue of prosecutor misconduct, I.g. (regarding the prosecution's deal with witness Michael Dotson) (ECF No. 22-3, PageID.8567-70); two trial attorney ineffectiveness claims, II.a, b (*id.* at PageID.8572, 73); and three claims of ineffective assistance of appellate counsel, IV.b, g, and j. (*Id.* at 8575, 8577.)

"Recognizing . . . case law" is against him (ECF No. 22-3, PageID.8568-69), Petitioner nonetheless argues that because he asserts factual innocence, the court's failure to consider his unexhausted claims "will result in a fundamental miscarriage of justice." (*Id.* at PageID.8569.) Among other support, Petitioner cites the Supreme Court's decision *McQuiggin v. Perkins*, which observed that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, . . . [the] expiration of the statute of limitations." 569 U.S. 383, 386 (2013). *McQuiggin* continued with the "caution . . . that tenable actual-innocence gateway pleas are rare[.]" *Id*.

Notably, *McQuiggin* only addressed procedural bars and the expiration of statute of limitations. It did not hold that a claim of innocence excuses a failure to

exhaust claims. *See*, *e.g.*, *Dothard v. MacLaren*, No. 13-15217, 2015 WL 470585, at *5 (E.D. Mich. Feb. 3, 2015) (Lawson, J.). Nor has the court found any case which so held.

Accordingly, Petitioner's concession that he has in fact not exhausted several of his claims results in a mixed petition, that is, one that includes both exhausted and unexhausted claims. And habeas courts may not review mixed petitions. *Rhines*, 544 at 274 (citing 28 U.S.C. § 2254(b)(1)(A)); *see also Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000) (citing *Rose v. Lundy*, 455 U.S. 509, 519 (1982)).

Very recently, the Sixth Circuit reviewed the options of courts facing such a petition:

> Post-*Rhines*, we've said that the district court can do "one of four things" when faced with a mixed petition:
>
> > "(1) dismiss the mixed petition in its entirety, ... (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, ... (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, ... or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims ha[ve] any merit."

*McBride v. Skipper*, 76 F.4th 509, 514 (6th Cir. 2023) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1032–33 (6th Cir. 2009)).

Although Respondent suggested a stay might be appropriate, Petitioner has specifically stated he is not seeking a stay of the petition. (*See*, *e.g.*, Pet'r Am. Br., ECF No. 22-1, PageID.8562.) As a result, Petitioner has not provided a basis for the court to find good cause for such a stay. Nonetheless, in view of the court's rejection of his actual innocence argument for disregarding his failure to exhaust, and Respondent's arguments for dismissal, Petitioner may elect to return to the state courts to exhaust his claims.

Applying *Rhines* and *McBride*, then, the court will permit Petitioner to decide whether he wishes to seek a stay to return to the state courts. Alternatively, Petitioner may dismiss those claims which are unexhausted and permit the court to proceed to address the merits of his exhausted claims. At this time, Respondent's motion to dismiss will be denied without prejudice.

### IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Respondent's motion to dismiss (ECF No. 11) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's motion for leave to file an amended memorandum (ECF No. 23) is GRANTED.

IT IS FURTHER ORDERED that Petitioner is DIRECTED to inform the court by **November 15, 2023**, whether he wishes to dismiss his unexhausted claims and proceed to a decision on the merits of his exhausted claims for habeas relief, OR whether he wishes the court to enter a stay of the petition to permit him to return to the state courts to exhaust the unexhausted claims.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 15, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2023, by electronic and/or ordinary mail.

s/Kim Grimes                           /
Deputy Clerk

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\22-11123.Houthoofd.Deny.Dismiss.ps.chd.docx

11