UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOD KEVIN HOUTHOOFD,

        Petitioner,

v.

ADAM DOUGLAS,

        Respondent.

Case No. 22-cv-11123
Hon. Matthew F. Leitman

_____/

### OPINION AND ORDER RESOLVING RESPONDENT'S EXHAUSTION AND PROCEDURAL DEFAULT ARGUMENTS

Petitioner Tod Kevin Houthoofd is a state prisoner in the custody of the Michigan Department of Corrections.  On May 18, 2022, Houthoofd filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)  In the petition, Houthoofd raises numerous challenges to his 2006 state-court convictions for solicitation to commit murder, Mich. Comp. Laws § 750.157b; witness intimidation, Mich. Comp. Laws § 750.122; and obtaining property valued over $100 by false pretenses, Mich. Comp. Laws § 750.218. Respondent has answered the Petition. (*See* Ans., ECF No. 27.)  In his response, Respondent argues, among other things, that many of Houthoofd's claims are either unexhausted or procedurally defaulted.  Houthoofd counters that the claims are not unexhausted or defaulted.  In the alternative, he says that any failure to exhaust or procedural default

1

should be excused because he is actually innocent.  The parties have agreed that the Court should resolve the procedural issues before reaching the merits of the Petition.

For the reasons explained below, the Court concurs with Respondent that (1) the identified claims are either unexhausted or procedurally defaulted and that (2) Houthoofd has not made a showing of actual innocence sufficient to excuse his defaults or failures to exhaust.

## I

## A

This case comes before the Court with an unusual and complicated procedural history.  As explained below, Houthoofd's Petition separately attacks three separate criminal convictions that were entered against him in separate cases that were consolidated into a single trial.

In 2001, Houthoofd was charged with obtaining property valued over $100 by false pretenses (the "False-Pretenses Case").  The prosecution alleged in the False-Pretenses Case that Houthoofd rented a John Deere tractor and rototiller equipment using another person's driver's license and that Houthoofd failed to return the equipment.  The complaining witness in the False-Pretenses Case was a man named Edward Wurtzel.  Houthoofd was detained pending trial in the False-Pretenses Case.

In 2005, Houthoofd was charged in a new criminal case with solicitation to commit murder (the "Solicitation Case").  The prosecution alleged in the Solicitation

Case that Houthoofd solicited a fellow inmate to kill Wurtzel while he (Houthoofd) was detained pending trial in the False-Pretenses Case.

In 2004, Houthoofd went to trial in the False-Pretenses Case.  The jury was unable to reach a verdict, and the court declared a mistrial.  The prosecution decided to re-try Houthoofd following the mistrial.

In 2004, before the re-trial in the False-Pretenses Case, Houthoofd was charged in a third criminal case with witness intimidation (the "Witness-Intimidation Case").  The prosecution alleged in the Witness-Intimidation Case that Houthoofd made a threatening telephone call to the police detective who had investigated Houthoofd in connection with the False-Pretenses Case.

Thus, in early 2005, Houthoofd had three separate open criminal cases: the False-Pretenses Case (which was awaiting re-trial), the Solicitation Case (which had not yet come to trial), and the Witness-Intimidation Case (which had also not yet come to trial). In August of 2005, the Saginaw County Circuit Court decided to consolidate the three separate cases for a single trial for purposes of judicial efficiency.

Houthoofd's consolidated trial in all three cases began on January 5, 2006. On February 13, 2006, a jury convicted Houthoofd as charged in all three cases.  The court then sentenced Houthoofd as follows: (1) 5-to-10 years imprisonment in the False-Pretenses Case, (2) 10-to-15 years imprisonment in the Witness-Intimidation

Case, and (3) 40-to-60 years imprisonment in the Solicitation Case.  Importantly, the state court entered separate judgments of conviction in each of the three cases. (*See* ECF No. 13-9, PageID.5189 (Solicitation Case); *id*. at PageID.5188 (Witness-Intimidation Case); *id*. at PageID.5187 (False-Pretenses Case).)

A series of appeals followed. The Court notes that Houthoofd's lengthy appeals primarily concerned his sentence and numerous re-sentences in the Solicitation Case.[1]  On January 21, 2021, the Michigan Court of Appeals upheld his latest re-sentence of 360 to 600 months in the Solicitation Case. *See People v. Houthoofd*, No. 349886, 2021 WL 219533, at \*1 (Mich. Ct. App. Jan. 21, 2021). Houthoofd's final appeal concluded on December 1, 2021. Houthoofd has served his sentences in the False-Pretenses and Witness-Intimidation Cases. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information

---

[1] *See, e.g., People v. Houthoofd*, No. 349886, 2021 WL 219533 (Mich. Ct. App. Jan. 21, 2021) (challenge to July 2019 re-sentencing in the Solicitation Case), appeal denied, 963 N.W.2d 364 (Mich. 2021), reconsideration denied, 966 N.W.2d 357 (Mich. 2021); *People v. Houthoofd*, No. 339459 (Mich. Ct. App. Mar. 28, 2018) (denying delayed application for leave to appeal the trial court's order denial of motion for relief from judgment, ECF No. 28-10, PageID.9636), appeal denied, 922 N.W.2d 109 (Mich. 2019); *People v. Houthoofd*, No. 332323, 2018 WL 1342217 (Mich. Ct. App. Mar. 15, 2018) (challenge to December 2017 re-sentencing); *People v. Houthoofd*, No. 332323, 2017 WL 4078207 (Mich. Ct. App. Sept. 14, 2017) (challenge to March 2016 re-sentencing; also noting "[t]his case has been before us on four previous occasions, and defendant has been resentenced in connection with his solicitation to commit murder conviction on three occasions.").

System, https://mdocweb.state.mi.us/OTIS2/Profile (last accessed May 13, 2026). Houthoofd remains subject to his sentence in the Solicitation Case.

In addition to his appeals, Houthoofd also filed motions for relief from judgment in the state trial court challenging his convictions in the False-Pretenses and Witness-Intimidation Cases. (*See* Mtn. for Relief from Judg., filed Feb. 22, 2017, ECF No. 28-3, PageID.9188; Order Denying Mtn. for Relief from Judg., July 12, 2017, ECF No. 28-10, PageID.9636.) However, he failed to successfully file a motion for relief from judgment attacking his conviction in the Solicitation Case.[2] He twice attempted to file such a motion, but both motions were rejected and not accepted for filing by the state court. (*See* Jan. 17, 2017, Order Returning Mtn. for Relief from Judg., filed Dec. 15, 2016, ECF No. 13-1, PageID.2889; Mtn. for Relief from Judg., filed Aug. 24, 2022, ECF No. 13-3 (rejected filing by the State court.)

---

[2] The Court further notes that although Houthoofd requested that the state trial court vacate "all his convictions," in his 2017 motion for relief from judgment (ECF No. 28-3, PageID.9187), he did not raise any argument in that motion as to the Solicitation Case. Moreover, in the state trial court's January 2017 order returning a motion for relief from judgment that Houthoofd had attempted to file, the court ordered that Houthoofd was "procedurally barred from seeking relief from judgment in [the Solicitation Case]" until he fully exhausted his direct appellate remedies in that case. (Order, ECF No. 13-1, PageID.2890.) At the time he filed the February 2017 motion, Houthoofd was still exhausting his appellate remedies in the Solicitation Case. Finally, Houthoofd's second attempt to file a motion for relief from judgment in the Solicitation Case in August 2022 was not accepted for filing by the state court due to Houthoofd's failure to comply with Michigan Court Rule 6.500. (*See* St. Ct. Reg. of Actions, ECF No. 11-1, PageID.710-711.)

**B**

Houthoofd filed his Petition in this Court on May 17, 2022. (*See* Pet., ECF No. 1.) The Petition raised numerous claims, but Houthoofd has decided not to pursue all of those claims. Houthoofd has now indicated that he wishes to proceed on the following claims:

I. Prosecutorial Misconduct Claims.

I(a). The prosecutor used inadmissible evidence.

I(b). The prosecutor fabricated and falsely presented the driver's license to the court and jury in two trials.

I(c)(i). During the state's closing argument, the prosecutor misrepresented Edward Wurtzel's testimony.

I(c)(ii). During the state's closing argument, the prosecutor commented twice on Houthoofd's failure to testify in his own defense, thereby shifting the burden.

I(d)(i). During the state's closing argument, the prosecutor attacked the credibility of Houthoofd and witnesses Matthew Reyes and Roberta Haertel.

I(d)(ii). During the state's closing argument, the prosecutor attacked the credibility of Houthoofd and witnesses Losee and Faulman.

I(f). The jurors' fear of [Houthoofd] became a matter of the trial record before the verdict and after the verdict; not by the evidence, but by the [p]rosecutor's improper character assassination.

I(h). The prosecutor knowingly used police perjury to convey jurisdiction to the [c]ourt and to himself.

6

I(i). The prosecutor denied [Houthoofd] access to favorable evidence.

I(j). This [denying Houthoofd's access to favorable evidence] was a denial of prepared counsel to cross examine Det. Sgt. Eberhardt.

I(k). This [denying Houthoofd access to favorable evidence] was also a denial of [Houthoofd's] right to present a favorable witness.

II.     Ineffective Assistance of Trial Counsel Claims.

II(c). Houthoofd was denied his right to effective assistance to counsel by attorney Bruce Petrick in the intimidation of a witness and solicitation to murder cases when Petrick did not object to the prosecutor's gross misconduct during closing argument.

II(d). Houthoofd was denied his right to effective assistance to counsel by attorney Bruce Petrick in the intimidation of a witness and solicitation to murder cases when Petrick failed to object to the jury instructions that relieved the prosecutor from proving venue and allowing the jurors to convict on an impermissible theory causing structural error in the trial.

II(e). Houthoofd was denied his right to effective assistance to counsel by attorney Piazza when Piazza did not object when the prosecutor misrepresented Wurtzel's trial testimony during closing argument.

III.    The Michigan Supreme Court misapplied federal constitutional law under the U.S. 6th Am. when it applied harmless error to improper venue.

IV.     Ineffective Assistance of Appellate Counsel Claims.

IV(a). Appellate counsel was ineffective for failing to appeal on the grounds that the trial court failed to exclude inadmissible evidence.

7

IV(c). Appellate counsel was ineffective for failing to appeal on the grounds that a juror was removable for cause and predetermination.

IV(d). Appellate counsel was ineffective for failing to appeal on the grounds that an unconstitutional jury instruction caused structural error.

IV(e). Appellate counsel was ineffective for failing to appeal on the grounds that the police committed perjury to get a warrant.

IV(f). Appellate counsel was ineffective for failing to appeal on the grounds that the trial court lacked jurisdiction.

IV(h). Appellate counsel was ineffective for failing to appeal on the grounds that the police engaged in unlawful entrapment.

IV(i). Appellate counsel was ineffective for failing to appeal on the grounds that Houthoofd had an affirmative defense under MCL 750.157b(4).

(Pet.'s Notice of Claims to be Withdrawn and Request to Proceed on Remaining Claims, ECF No. 36, PageID.11277.)

Respondent contends that many of Houthoofd's claims are (1) unexhausted because he failed to raise them in the state courts and a remaining remedy exists in state court or (2) procedurally defaulted because he failed to exhaust the claims in the state courts and no longer has a remaining state court remedy. Houthoofd denies that his claims are subject to these procedural defenses.  In the alternative, he says that any failure to exhaust and/or procedural default should be excused because he is actually innocent.

8

## II

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). The text of Section 2254 provides that a petition for a writ of habeas corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies with respect to all of the claims he raises in his habeas petition. *See Randolph v. Macauley*, 155 F.4th 859, 864 (6th Cir. 2025).

To satisfy the exhaustion requirement, a petitioner convicted in a Michigan state court must fairly "present the [claim] both to the [Michigan] court of appeals and the [Michigan] supreme court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). *See also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner*, 581 F.3d at 414–15. Where a petitioner has failed to exhaust state remedies that still exist at the time he has filed his petition, a district court may allow the petitioner to return to state court in order to complete the exhaustion process. *See Rhines v. Weber*, 544 U.S. 269, 274-78 (2005).

9

However, in some instances, a petitioner's failure to exhaust a claim may result in the claim being procedurally defaulted. That occurs when the petitioner has failed to exhaust the claim and when, at the time he files his petition, he may no longer present the claim to the state courts for review. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A court may still review a procedurally defaulted claim if the habeas petitioner can demonstrate: (1) "cause and prejudice" to excuse the default; or (2) that a fundamental miscarriage of justice would result from a lack of review. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). Relevant here, the fundamental miscarriage of justice exception requires a habeas petitioner demonstrate that a constitutional violation "probably resulted" in the conviction of one who is actually innocent. *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Murray*, 477 U.S. at 496). The petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (cleaned up). Critically, a showing of actual innocence must be based on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 514 U.S. at 324. And this new evidence of innocence must be "so strong that a court

cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316). Finally, "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

### III

### A

The Court begins with Respondent's argument that several of Houthoofd's claims attacking his conviction in the Solicitation Case are unexhausted because he failed to raise them in the state courts and still has a remedy available in the state courts.[3] The Court agrees with Respondent that the claims attacking the conviction in the Solicitation Case are unexhausted. The Court presents its reasoning and analysis in the form of a chart below.

Before turning to the chart, the Court pauses to reiterate that Houthoofd has not successfully filed a motion for relief from judgment challenging the Solicitation Case. The Court highlights that point because Houthoofd claims that he exhausted his habeas claims attacking that conviction when he filed a motion for relief from judgment in February 2017 (and appealed the order denying the motion), but as

---

[3] As noted above, Respondent contends that some of Houthoofd's claims are unexhausted and that others are procedurally defaulted. The claims that Respondent says are unexhausted all relate to Houthoofd's conviction in the Solicitation Case.

explained in footnote two above, the motion for relief from judgment to which he refers attacked his convictions in the *other* two cases, not in the Solicitation Case. As reflected in the chart below, the Court concludes that Houthoofd did not exhaust claims attacking his conviction in the Solicitation Case through filing a motion for relief from judgment attacking his other convictions.

With that point in mind, the Court sets forth its analysis below as to why the claims identified below attacking the conviction in the Solicitation Case are unexhausted. The chart identifies the claim in question in the left-hand column and then sets forth the position of the parties and the Court's conclusion in the right-hand column.

| The Unexhausted Claims Related to Solicitation Case | |
| --- | --- |
| <u>Claim</u> | <u>Analysis</u> |
| Claim I(c)(ii) Prosecutorial Misconduct Commenting on Petitioner's Silence during Closing Argument | **<u>Houthoofd:</u>** This claim is exhausted. On direct appeal to the Michigan Supreme Court in 2009, Houthoofd's counsel argued that the prosecutor's misconduct during closing argument deprived Houthoofd of a fair trial. (ECF No. 40, PageID.11316.)<br><br>**<u>Respondent:</u>** The claim is unexhausted. While Houthoofd raised a claim that the prosecutor disparaged him and his counsel during closing argument, he did not argue the legally distinct claim that the prosecutor commented on his (Houthoofd's) failure to testify. Additionally, to the extent that |

| | |
|---|---|
| | Houthoofd says he presented this claim to the Michigan Supreme Court only, that is insufficient to complete exhaustion. (*Id.*, PageID.11316-11317.) Finally, Houthoofd has not successfully filed a motion for relief from judgment challenging his conviction in the Solicitation Case, so an available remedy remains available to him. (*Id.*) <br><br> **Conclusion:** The Court agrees with Respondent that the claim is unexhausted. First, as Respondent notes, while a different prosecutorial misconduct claim was raised on direct appeal, Houthoofd did not raise this specific legal claim. *See White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005). In any event, even if presented as Houthoofd claims, presentation to one appellate level does not satisfy the exhaustion requirement. *Wagner*, 581 F.3d at 414. Finally, Houthoofd still has an available remedy to exhaust this claim. |
| Claim I(d)(ii) Prosecutorial Misconduct Attacking Witness Credibility | Houthoofd concedes that this habeas ground is unexhausted. |
| Claim I(h) Prosecutorial Misconduct Using Perjured Police Testimony to Establish Jurisdiction | **Houthoofd:** The claim is exhausted. On appeal from his state collateral proceedings, Houthoofd argued that the prosecutor's decision to prosecute the case in a jurisdiction where no element of the crime occurred violated his right to a fair trial. The issue was presented before the Michigan Court of Appeals and Michigan Supreme Court. Even if the claim did not attack the solicitation conviction, the trial court consolidated trial on all charges. (ECF No. 40, PageID.11324.) |

| | |
|---|---|
| | **Respondent:** The claim is unexhausted. Houthoofd did not raise the claim on direct appeal. Further, Houthoofd did not challenge his conviction in the Solicitation Case in a motion for relief from judgment. Because Houthoofd has not filed a motion for relief from judgment challenging his conviction in the Solicitation Case, an available remedy remains available to him. (*Id.*, PageID.11324-11326.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is unexhausted. As Respondent notes, Houthoofd did not raise this prosecutorial misconduct claim on direct appeal, nor did he raise this claim in a motion for relief from judgment challenging his conviction in the Solicitation Case. While it appears that Houthoofd raised a claim concerning the prosecutor's use of perjured testimony to secure jurisdiction in a motion for relief from judgment challenging his convictions in his other cases, he did not file such a motion challenging his conviction in the Solicitation Case. Therefore, he still has an available remedy to exhaust this claim. |
| Claim II(d)<br>Ineffective Assistance of Trial Counsel  Failure to Object to Jury Instructions Regarding Venue | **Houthoofd:** The claim is exhausted. On appeal from his state collateral proceedings, Houthoofd argued that his trial counsel was ineffective for failing to object to an alleged lack of venue and the jury instructions regarding venue. The issue was presented before the Michigan Court of Appeals and the Michigan Supreme Court. Even if the claim did not attack the solicitation conviction, the trial court consolidated trial on all charges. (ECF No. 40, PageID.11331.)<br><br>**Respondent:** The claim is unexhausted. Houthoofd did not raise the claim on direct appeal. Further, Houthoofd did not challenge his conviction in the Solicitation Case in a motion for relief from judgment. Therefore, this claim has not been raised |

14

| | |
|---|---|
| | in the state courts with respect to the Solicitation Case. Because Houthoofd has not successfully filed a motion for relief from judgment challenging his conviction in the Solicitation Case, a remedy remains available to him. (*Id.*, PageID.11331-11333.)<br><br>**Conclusion:** The Court agrees with Respondent that this claim is unexhausted. As Respondent notes, Houthoofd did not raise this claim on direct appeal, nor did he raise this claim in a motion for relief from judgment challenging his conviction in the Solicitation Case. Therefore, he still has an available remedy to exhaust this claim. |
| Claim II(e)<br>Ineffective Assistance of Trial Counsel Failure to Object to Closing Argument | Houthoofd concedes that this habeas ground is unexhausted. |
| Claim IV (c)<br>Ineffective Assistance of Appellate Counsel Failure to Appeal Juror Bias Claim | **Houthoofd:** The claim is exhausted. On appeal from his state collateral proceedings, Houthoofd argued that his appellate counsel failed to raise on appeal a claim that a juror was biased and should have been removed. The issue was presented before the Michigan Court of Appeals and Michigan Supreme Court. Even if the claim did not attack the solicitation conviction, the trial court consolidated trial on all charges. (ECF No. 40, PageID.11339.)<br><br>**Respondent:** The claim is unexhausted. Houthoofd did not challenge his conviction in the Solicitation Case in a motion for relief from judgment. Therefore, this claim has not been raised in the state courts with respect to the Solicitation Case. Because Houthoofd has not successfully filed a motion for relief from judgment challenging his conviction in |

| | |
|---|---|
| | the Solicitation Case, a remedy remains available to him. (*Id.*, PageID.11339-11341.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is unexhausted. The first opportunity to raise an ineffective assistance of appellate counsel claim would have been in a motion for relief from judgment in the state trial court. As Respondent notes, Houthoofd did not raise this claim in a motion for relief from judgment challenging his conviction in the Solicitation Case. Therefore, he still has an available remedy to exhaust this claim. |
| Claim IV(d)<br>Ineffective Assistance of Appellate Counsel Failure to Raise the Venue Jury Instruction Claim on Appeal | **Houthoofd:** The claim is exhausted. On appeal from his state collateral proceedings, Houthoofd argued that his appellate counsel failed to raise on direct appeal a claim arising out of the trial court's jury instruction on venue. The issue was presented before the Michigan Court of Appeals and Michigan Supreme Court. Even if the claim did not attack the solicitation conviction, the trial court consolidated trial on all charges. (ECF No. 40, PageID.11342.)<br><br>**Respondent:** The claim is unexhausted. Houthoofd did not challenge his conviction in the Solicitation Case in a motion for relief judgment. Therefore, this claim has not been raised in the state courts with respect to the Solicitation Case. Because Houthoofd has not successfully filed a motion for relief from judgment challenging his conviction in the Solicitation Case, a remedy remains available to him. (*Id.*, PageID.11342-11344.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is unexhausted. The first opportunity to raise an ineffective assistance of appellate counsel claim would have been in a motion for relief from judgment in the state trial court. As Respondent notes, Houthoofd did not raise this claim in a motion |

| | |
|---|---|
| | for relief from judgment challenging his conviction in the Solicitation Case. Therefore, he still has an available remedy to exhaust this claim. |
| Claim IV(e) Ineffective Assistance of Appellate Counsel Failure to Raise Police Perjury Claim on Appeal | **Houthoofd:** The claim is exhausted. On appeal from his state collateral proceedings, Houthoofd raised the argument that his appellate counsel failed raise on appeal his claim that the police officer(s) committed perjury to obtain the arrest warrant. The issue was presented before the Michigan Court of Appeals and Michigan Supreme Court. Even if the claim did not attack the solicitation conviction, the trial court consolidated trial on all charges. (ECF No. 40, PageID.11345.)<br><br>**Respondent:** The claim is unexhausted. Houthoofd did not challenge his conviction in the Solicitation Case in a motion for relief from judgment. Therefore, this claim has not been raised in the State courts with respect to the Solicitation Case. Because Houthoofd has not successfully filed a motion for relief from judgment challenging his conviction the Solicitation Case, a remedy remains available to him. (*Id.*, PageID.11345-11347.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is unexhausted. The first opportunity to raise an ineffective assistance of appellate counsel claim would have been in a motion for relief from judgment in the state trial court. As Respondent notes, Houthoofd did not raise this claim in a motion for relief from judgment challenging his conviction in the Solicitation Case. Therefore, he still has an available remedy to exhaust this claim. |

| Claim IV(f) Ineffective Assistance of Appellate Counsel Failure to Raise Jurisdiction/Venue Issues on Appeal | **Houthoofd:** The claim is exhausted. The venue issue was reached by the Michigan Supreme Court on direct appeal. (ECF No. 40, PageID.11337; 11348.) The Michigan Supreme Court reached the venue issue despite appellate counsel's failure to appeal the jurisdiction/venue argument.<br><br>**Respondent:** The claim is unexhausted. Houthoofd did not raise this claim in a motion for relief from judgment challenging his conviction in the Solicitation Case. Because Houthoofd has not successfully filed a motion for relief from judgment challenging the Solicitation Case, a remedy remains available to him. (*Id.*, PageID.11348-11350.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is unexhausted. The first opportunity to raise an ineffective assistance of appellate counsel claim would have been in a motion for relief from judgment in the state trial court. As Respondent notes, Houthoofd did not raise this claim in a motion for relief from judgment challenging his conviction in the Solicitation Case. Therefore, he still has an available remedy to exhaust this claim. In any event, the underlying venue issue is a distinct legal claim from ineffective assistance of appellate counsel. *See White*, 431 F.3d at 526. |
| Claim IV(h) Ineffective Assistance of Appellate Counsel Failure to Raise Police Entrapment on Appeal | **Houthoofd:** The claim is exhausted. Houthoofd raised the argument that his appellate counsel was ineffective for failing to argue police entrapment in his application for leave to appeal in the Michigan Supreme Court on appeal from his state collateral proceedings. (ECF No. 40, PageID.11351.)<br><br>**Respondent:** The claim is unexhausted. Houthoofd did not raise this claim in a motion for relief from judgment challenging his conviction in the |

18

| | |
|---|---|
| | Solicitation Case. Because Houthoofd has not successfully filed a motion for relief from judgment challenging his conviction the Solicitation Case, a remedy remains available to him. Moreover, to the extent that Houthoofd says that he presented this claim to the Michigan Supreme Court only, that is insufficient to complete exhaustion. (*Id.*, PageID.11351-11353.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is unexhausted. The first opportunity to raise an ineffective assistance of appellate counsel claim would have been in a motion for relief from judgment in the state trial court. As Respondent notes, however, Houthoofd did not raise this claim in a motion for relief from judgment challenging his conviction in the Solicitation Case. Therefore, he still has an available remedy to exhaust this claim. In any event,  even if Houthoofd did present this claim to the Michigan Supreme Court as he says, presentation to only one appellate level does not satisfy the exhaustion requirement. *See Wagner*, 581 F.3d at 414. |

For all of the reasons reflected in the chart above, the Court concludes that the claims identified above challenging Houthoofd's conviction in the Solicitation Case are unexhausted.

**B**

The Court next turns to Houthoofd's claims challenging his convictions in the False-Pretenses and Witness-Intimidation Cases.  Respondent contends that several of those claims are procedurally defaulted because (1) Houthoofd failed to properly

present them to the state courts either on direct appeal or in a motion for relief from

judgment and (2) he no longer has a remedy that remains available to him. The Court

agrees that the claims identified below are procedurally defaulted. The Court sets

forth its analysis in the chart below:

| The Procedurally Defaulted Claims | |
|---|---|
| Claim | Analysis |
| Claim I(a) Prosecutorial Misconduct Admission of Driver's License in False-Pretenses Case | **Houthoofd:** This claim is exhausted. Houthoofd broadly raised issues concerning prosecutorial misconduct and the admissibility of the driver's license on appeal from his state collateral proceedings. Houthoofd appealed the issues to the Michigan Court of Appeals and the Michigan Supreme Court. (ECF No. 41, PageID.11357.)<br><br>**Respondent:** Houthoofd procedurally defaulted this claim. Houthoofd did not present this claim on direct appeal. While Houthoofd raised a prosecutorial misconduct claim and an underlying evidentiary claim regarding the admissibility of the driver's license under the Fourth Amendment in his state collateral proceedings challenging his conviction in the False-Pretenses Case, he did not present this legally distinct claim that the prosecutor committed misconduct by introducing the driver's license at trial. The claim is procedurally defaulted because Houthoofd already filed a motion for relief from judgment challenging his conviction in the False-Pretenses Case and therefore does not have a remedy available to him. (*Id.*, PageID.11357-11359.) |

| | |
|---|---|
| | **Conclusion:** The Court agrees with Respondent that the claim is procedurally defaulted. This specific prosecutorial misconduct claim concerning the admissibility of the driver's license is legally distinct from any other prosecutorial misconduct claim or Fourth Amendment claim that Houthoofd raised before the State courts. *See White*, 431 F.3d at 526. This claim is procedurally defaulted because Houthoofd has filed a motion for relief from judgment challenging his conviction in the False-Pretenses Case and he therefore has no remaining state court remedy. *See* Mich. Ct. R. 6.502(B). |
| Claim I(b) Prosecutorial Misconduct False Assertions about the Driver's License during Closing Argument in False-Pretenses Case | **Houthoofd:** This claim is exhausted. Houthoofd broadly raised issues concerning prosecutorial misconduct and the admissibility of the driver's license on appeal from his state collateral proceedings. Houthoofd appealed the issues to the Michigan Court of Appeals and the Michigan Supreme Court. (ECF No. 41, PageID.11360.)<br><br>**Respondent:** Houthoofd procedurally defaulted this claim. Houthoofd did not present this claim on direct appeal. While Houthoofd raised a prosecutorial misconduct claim and an underlying evidentiary claim regarding the admissibility of the driver's license under the Fourth Amendment in his state collateral proceedings challenging the False-Pretenses Case, he did not present this legally distinct claim that the prosecutor made false assertions during closing arguments. The claim is procedurally defaulted because Houthoofd already filed a motion for relief from judgment challenging his conviction in the False-Pretenses Case and therefore does not have a remedy available to him. (*Id.*, PageID.11360-11361.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is procedurally defaulted. This specific prosecutorial misconduct claim concerning the |

| | |
|---|---|
| | prosecutor's statements about the driver's license during closing arguments is legally distinct from any other prosecutorial misconduct claim that Houthoofd raised before the State courts. *See White*, 431 F.3d at 526. This claim is procedurally defaulted because Houthoofd has filed a motion for relief from judgment challenging his conviction in the False-Pretenses Case and he therefore has no remaining state court remedy. *See* Mich. Ct. R. 6.502(B). |
| Claim I(c)(i) Prosecutorial Misconduct Misrepresentation of Witness Testimony in False-Pretenses Case | **Houthoofd:** This claim is exhausted. On direct appeal to the Michigan Supreme Court in 2009, appellate counsel raised the claim that the prosecutor's misconduct during closing arguments deprived Houthoofd of a fair trial. (ECF No. 41, PageID.11362.) Houthoofd broadly raised prosecutorial misconduct claims before the state courts. (*Id.*)<br><br>**Respondent:** Houthoofd procedurally defaulted this claim. While Houthoofd raised a claim that the prosecutor disparaged him and his trial counsel during closing arguments in his state collateral proceedings challenging the False-Pretenses Case, he did not argue the legally distinct claim that the prosecutor misrepresented witness testimony during closing arguments. Moreover, to the extent that Houthoofd says that he presented this claim to the Michigan Supreme Court only, that is insufficient to complete exhaustion. Finally, Houthoofd already filed a motion for relief from judgment challenging his conviction in the False-Pretenses Case and therefore does not have a remedy available to him. (*Id.*, PageID.11362-11364.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is procedurally defaulted. This specific prosecutorial misconduct claim concerning the prosecutor's statements regarding witness testimony is legally distinct from any other prosecutorial |

22

| | |
|---|---|
| | misconduct claim that Houthoofd raised before the state courts. *See White*, 431 F.3d at 526. In any event, even if presented as Houthoofd claims, presentation to one appellate level does not satisfy the exhaustion requirement. *See Wagner*, 581 F.3d at 414. Finally, because Houthoofd has filed a motion for relief from judgment challenging his conviction in the False-Pretenses Case, he therefore has no remaining state court remedy. *See* Mich. Ct. R. 6.502(B). |
| Claim I(c)(ii) Prosecutorial Misconduct Comment on Petitioner's Silence in False-Pretenses Case | **Houthoofd:** This claim is exhausted. On direct appeal to the Michigan Supreme Court in 2009, appellate counsel raised the claim that the prosecutor's misconduct during closing argument deprived Houthoofd of a fair trial. (ECF No. 41, PageID.11365.) Houthoofd broadly raised prosecutorial misconduct claims before the state courts.<br><br>**Respondent:** The claim is procedurally defaulted. While Houthoofd raised a claim that the prosecutor disparaged him and his trial counsel during closing arguments, he did not argue the legally distinct claim that the prosecutor commented on Houthoofd's failure to testify. Moreover, to the extent that Houthoofd says that he presented the claim to the Michigan Supreme Court only, that is insufficient to complete exhaustion. The claim is procedurally defaulted because Houthoofd already filed a motion for relief from judgment challenging his conviction in the False-Pretenses Case and therefore does not have a remedy available to him. (*Id.*, PageID.11365-11367.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is procedurally defaulted. This specific prosecutorial misconduct claim concerning the prosecutor's comment on Houthoofd's silence is legally distinct from any other prosecutorial misconduct claim that Houthoofd raised before the |

23

| | |
|---|---|
| | state courts. *See White*, 431 F.3d at 526. In any event, even if presented as Houthoofd claims, presentation to one appellate level does not satisfy the exhaustion requirement. *See Wagner*, 581 F.3d at 414. Finally, Houthoofd has filed a motion for relief from judgment challenging his conviction in the False-Pretenses Case and he therefore has no remaining state court remedy. *See* Mich. Ct. R. 6.502(B). |
| Claim I(c)(ii) Prosecutorial Misconduct Comment on Petitioner's Silence in Witness-Intimidation Case | **Houthoofd:** This claim is exhausted. On direct appeal to the Michigan Supreme Court in 2009, appellate counsel raised the claim that the prosecutor's misconduct during closing arguments deprived Houthoofd of a fair trial. (ECF No. 39, PageID.11288.) Houthoofd broadly raised prosecutorial misconduct claims before the state courts. <br><br> **Respondent:** The claim is procedurally defaulted. While Houthoofd raised a claim that the prosecutor disparaged him and his trial counsel during closing arguments, he did not argue the legally distinct claim that the prosecutor commented on Houthoofd's decision not to testify. Moreover, to the extent that Houthoofd says that he presented the claim to the Michigan Supreme Court only, that is insufficient to complete exhaustion. The claim is procedurally defaulted because Houthoofd already filed a motion for relief from judgment challenging his conviction in the Witness-Intimidation Case and therefore does not have a remedy available to him. (ECF No. 39, PageID.11288-11290.) <br><br> **Conclusion:** The Court agrees with Respondent that the claim is procedurally defaulted. This specific prosecutorial misconduct claim concerning the prosecutor's comment on Houthoofd's decision not to testify is legally distinct from any other prosecutorial misconduct claim that Houthoofd raised before the |

| | |
|---|---|
| | State courts. *See White*, 431 F.3d at 526. In any event, even if presented as Houthoofd claims, presentation to one appellate level does not satisfy the exhaustion requirement. *See Wagner*, 581 F.3d at 414. Finally, Houthoofd has filed a motion for relief from judgment challenging the Witness-Intimidation Case and he therefore has no remaining state court remedy. *See* Mich. Ct. R. 6.502(B). |
| Claim I(d)(ii) Prosecutorial Misconduct Attack Witness Credibility in False-Pretenses Case | Houthoofd concedes that this habeas ground is unexhausted. The Court concludes that the claim is procedurally defaulted because he can no longer file a motion for relief from judgment attacking this conviction. *See* Mich. Ct. R. 6.502(B). |
| Claim I(d)(ii) Prosecutorial misconduct Attack Witness Credibility in Witness-Intimidation Case | Houthoofd concedes that this habeas ground is unexhausted. The Court concludes that the claim is procedurally defaulted because he can no longer file a motion for relief from judgment attacking this conviction. *See* Mich. Ct. R. 6.502(B). |
| Claim II(d) Ineffective Assistance of Trial Counsel Failure to Object to Jury Instructions in Witness-Intimidation Case | **Houthoofd:** This claim is exhausted. Houthoofd raised the issue of ineffective assistance of trial counsel on appeal from his state collateral proceedings. Houthoofd appealed the issues to the Michigan Court of Appeals and the Michigan Supreme Court. (ECF No. 39, PageID.11300.) **Respondent:** Houthoofd procedurally defaulted this claim. Houthoofd did not present this claim on direct appeal. While Houthoofd raised an ineffective assistance of trial counsel claim and an underlying |

| | |
|---|---|
| | jury instruction claim in a motion for relief from judgment challenging the Witness-Intimidation Case, he did not present this legally distinct claim that trial counsel was ineffective for failing to object to the jury instructions on venue. The claim is procedurally defaulted because Houthoofd already filed a motion for relief from judgment challenging his conviction in the Witness-Intimidation Case and therefore does not have a remedy available to him. (*Id.*, PageID.11300-11302.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is procedurally defaulted. This specific ineffective assistance of counsel claim concerning the failure to object to the jury instructions is legally distinct from any other ineffective assistance of trial counsel, or underlying jury instruction claim, that Houthoofd raised before the State courts. *See White*, 431 F.3d at 526. This claim is procedurally defaulted because Houthoofd has filed a motion for relief from judgment challenging his conviction in the Witness-Intimidation Case and he therefore has no remaining state court remedy. *See* Mich. Ct. R. 6.502(B). |
| Claim II(e)<br>Ineffective Assistance of Trial Counsel Failure to Object to Closing Argument<br>in<br>FalsePretenses Case | Houthoofd concedes that this habeas ground is unexhausted. The Court concludes that the claim is procedurally defaulted because he can no longer file a motion for relief from judgment attacking this conviction. *See* Mich. Ct. R. 6.502(B). |

26

| | |
|---|---|
| Claim II(e)<br>Ineffective Assistance of Trial Counsel Failure to Object to Closing Argument in Witness-Intimidation Case | Houthoofd concedes that this habeas ground is unexhausted. The Court concludes that the claim is procedurally defaulted because he can no longer file a motion for relief from judgment attacking this conviction. *See* Mich. Ct. R. 6.502(B). |
| Claim IV(h)<br>Ineffective Assistance of Appellate Counsel Failing to Raise Police Entrapment Issue on Appeal<br>in<br>False-Pretenses Case | **Houthoofd:** The claim is exhausted. Houthoofd raised the argument that appellate counsel was ineffective for failing to argue police entrapment in Houthoofd's application for leave to appeal in the Michigan Supreme Court following his state collateral proceedings. (ECF No. 41, PageID.11387.)<br><br>**Respondent:** The claim is procedurally defaulted. Houthoofd did not raise this claim in a motion for relief from judgment. Moreover, to the extent that Houthoofd says that he presented the claim to the Michigan Supreme Court only, that is insufficient to complete exhaustion. (*Id*., PageID.11387-90.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is procedurally defaulted. The first opportunity to raise an ineffective assistance of appellate counsel claim would have been in a motion for relief from judgment in the state trial court. As Respondent notes, however, Houthoofd did not raise this claim in his motion for relief from judgment challenging his conviction in the False-Pretenses Case. In any event,  even if presented as Houthoofd claims, presentation to one appellate level does not satisfy the exhaustion requirement. *See Wagner*, 581 F.3d at 414. This claim is procedurally defaulted because Houthoofd has filed a motion for relief from judgment challenging his conviction the False-Pretenses Case and he therefore has no remaining state court remedy. *See* Mich. Ct. R. 6.502(B). |

| | |
|---|---|
| Claim IV (h)<br>Ineffective Assistance of Appellate Counsel Failure to Raise Police Entrapment Claim in Witness-Intimidation Case | **Houthoofd:** The claim is exhausted. Houthoofd raised the argument that appellate counsel was ineffective for failing to argue police entrapment in his application for leave to appeal in the Michigan Supreme Court following his state collateral proceedings. (ECF No. 39, PageID.11311.)<br><br>**Respondent:** The claim is procedurally defaulted. Houthoofd did not raise this claim in a motion for relief from judgment challenging his conviction in the Witness-Intimidation Case. Moreover, to the extent that Houthoofd says that he presented the claim to the Michigan Supreme Court only, that is insufficient to complete exhaustion. (*Id.*, PageID.11311-11312)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is procedurally defaulted. The first opportunity to raise an ineffective assistance of appellate counsel claim would have been in a motion for relief from judgment in the state trial court. As Respondent notes, however, Houthoofd did not raise this claim in a motion for relief from judgment challenging his conviction in the Witness-Intimidation Case. In any event, even if presented as Houthoofd claims, presentation to one appellate level does not satisfy the exhaustion requirement. *See Wagner*, 581 F.3d at 414. Finally, Houthoofd has filed a motion for relief from judgment challenging the Witness-Intimidation Case and therefore he has no remaining state court remedy. *See* Mich. Ct. R. 6.502(B). |

28

| Claim IV(i) Ineffective Assistance of Appellate Counsel Failure to Raise Affirmative Defense under Mich. Comp. L. § 750.157b(4) on Appeal in False-Pretenses Case | **Houthoofd:** This claim is exhausted. Houthoofd raised the argument that appellate counsel was ineffective for failing to raise the affirmative defense on direct appeal. Houthoofd appealed the issue to the Michigan Court of Appeals and the Michigan Supreme Court following his state collateral proceedings. (ECF No. 41, PageID.11389.)<br><br>**Respondent:** Houthoofd procedurally defaulted this claim. Houthoofd did not present this claim to the state courts in a motion for relief from judgment challenging his conviction in the False-Pretenses Case. The claim is procedurally defaulted because Houthoofd already filed a motion for relief from judgment challenging the False-Pretenses Case and therefore does not have a remedy available to him. (*Id.*, PageID.11389-11392.)<br><br>**Conclusion:** The Court agrees with Respondent that the claim is procedurally defaulted. The first opportunity to raise an ineffective assistance of appellate counsel claim would have been in a motion for relief from judgment. As Respondent notes, however, Houthoofd did not raise this claim in a motion for relief from judgment challenging his conviction in the False-Pretenses Case. This claim is procedurally defaulted because Houthoofd has filed a motion for relief from judgment challenging his conviction in the False-Pretenses Case and he therefore has no remaining state court remedy. *See* Mich. Ct. R. 6.502(B). |
| --- | --- |

For all of the reasons reflected in the chart above, the Court concludes that the claims identified above challenging the convictions in the False-Pretenses Case and the Witness-Intimidation Case are procedurally defaulted.

## C

Houthoofd counters that any failure to exhaust and/or any procedural default should be excused based upon his actual innocence. [4] (*See* Supp. Br., ECF No. 43.) In support, he attaches (1) the Michigan Department of State Police Supplemental Incident Report for the Solicitation Charge and (2) a letter from attorney George Mullison, dated September 7, 2021, in which Mullison offers an analysis of the evidence against Houthoofd and argues that Houthoofd is actually innocent. (*See id.*, PageID.11404; 11405-11423.[5]) The Court now addresses Houthoofd's claims of innocence with respect to each separate case. For the reasons explained below, while Houthoofd has raised a number of reasonable questions about the strength of the evidence against him, he has not made a showing of actual innocence under the demanding governing standard.

*Solicitation Case.* In the Solicitation Case, the prosecution alleged that Houthoofd solicited a fellow inmate to kill witness Ed Wurtzel (the complaining

---

[4] Respondent asserts that Houthoofd's claimed actual innocence would not excuse the unexhausted claims that still have an available state remedy. Whether actual innocence applies to Houthoofd's unexhausted claims is not a question this Court needs to decide because Houthoofd cannot prove actual innocence based on any new reliable evidence to excuse either of the argued procedural bars. *See Schlup*, 514 U.S. at 324.

[5] To the extent that Houthoofd suggests that he is actually innocent of all three convictions because Saginaw County was an improper venue (*see* Supp. Br., ECF No. 43, PageID.11398-11399), improper venue is a legal argument, not one of factual innocence. *See Keel v. Adams*, No. 25-5290, 2025 WL 4688022, at *6 (6th Cir. Nov. 13, 2025).

30

witness in the False-Pretenses Case) while he (Houthoofd) was detained pending trial in the False-Pretenses Case. The prosecution's case rested heavily upon testimony from Michael Dotson, an inmate who was detained with Houthoofd as Houthoofd awaited trial in the False-Pretenses Case. Dotson testified that Houthoofd solicited him to kill Wurtzel.

Houthoofd argues he is actually innocent of this alleged solicitation. But his actual innocence claim does not rest upon new evidence. Instead, it rests almost entirely upon attacks on Dotson's credibility that were presented to the jury. And while Houthoofd raises other questions about the reliability of Dotson's testimony, none of those questions are based upon new evidence. Moreover, Houthoofd's attempt to undermine Dotson's credibility is insufficient to establish the actual innocence required to overcome a procedural default. *See Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024) (discussing the distinction between exonerating and impeachment evidence).

Houthoofd further argues that he is actually innocent of solicitation because he abandoned the plan to kill Wurtzel. But this contention also does not rest upon new evidence. The jury heard – and declined to credit – evidence that after Houthoofd allegedly solicited Dotson to kill Wurtzel, Houthoofd told Dotson that "he didn't want the guy in Saginaw to be hit" and that "[h]e wanted his attorney to deal with it." (*Id.*, PageID.2160, 2162-2163.) Because the jury heard evidence that

31

Houthoofd abandoned his plan, this argument also cannot constitute new, reliable evidence supporting actual innocence.

For all of these reasons, Houthoofd has failed to show that he is actually innocent of the charge for which he was convicted in the Solicitation Case, and he has therefore not established an excuse for his failure to exhaust the following claims attacking his conviction in that case: Claims I(c)(ii), I(d)(ii), I(h), II(d), II(e), IV(c), IV(d), IV(e), IV(f), and IV(h).

*False-Pretenses Case*. In this case, the prosecution alleged that Houthoofd rented a John Deere tractor and rototiller equipment using another person's driver's license and that Houthoofd failed to return the equipment.  Evidence was presented at trial that Houthoofd used another person's driver's license (Colin Francis) to rent the John Deere tractor equipment, which he did not return. The tractor equipment was later found on his property during a police search.  The jury convicted Houthoofd of obtaining property valued over $100 by false pretenses.

Through Mullison's letter, Houthoofd argues that various trial errors demonstrate that he is actually innocent of the alleged false pretenses. The Court addresses each of Houthoofd's arguments in turn.

First, Houthoofd challenges the admissibility of the driver's license found through a warrantless search of his vehicle.  However, whether the police conducted an illegal search and seizure of his vehicle is a legal question unrelated to factual

innocence. Houthoofd cannot establish innocence on this basis. *See Hubbard*, 98 F.4th at 743.

Second, Houthoofd contends that the timeline during which the driver's license was found suggests that he was not the individual who rented the stolen tractor equipment.  For instance, he argues that he did not rent the equipment using Colin Francis's driver's license on April 13, 1998, because Francis's wallet was not reported stolen until April 14, 1998. However, this is not new evidence.  The facts concerning the timeline of when the driver's license was stolen were presented at trial.  Colin Francis testified that he worked with Houthoofd at General Motors in 1998. (*See* ECF No. 11-16, PageID.1901.) Francis received a call from his wife on April 14, 1998, informing him that equipment had been rented under his name. (*See id.*, PageID.1902.) Francis recalled "misplac[ing] [his] wallet earlier in the weeks previous at work." (*Id.*) Although the wallet was returned to Francis prior to April 14, he did not notice that his driver's license was missing until after speaking to his wife. He then reported the wallet as stolen that day. (*See id.*) Lieutenant Wilbur Yancer testified that Houthoofd told him that he found Francis's driver's license at the GM facility. (*See* ECF No. 11-19, PageID.2009.) The jury resolved this testimony against Houthoofd. Thus, Houthoofd's renewed attempt to wrench the timeline in his favor does not amount to new evidence.

Next, Houthoofd asserts that the jury never heard evidence that the stolen tractor (a 1998 model) was not the same as the tractor found on his property (a 1997 model). However, the identification and ownership of the stolen tractor equipment was litigated during trial. Ed Wurtzel, Sr. testified that the tractor rented on April 13, 1998, was a John Deere 955 Series. (*See* ECF No. 11-19, PageID.2023.) Detective Michael Vanhorn testified that the search warrant executed for Houthoofd's property in 2001 related to the tractor and rototiller that was rented from Wurtzel's shop in 1998. (*See* ECF No. 11-13, PageID.1680.) People's Exhibit 25 showed an image of the tractor that Detective Vanhorn found on Houthoofd's property, containing the product identification number. (*See id*, PageID.1683.) Detective Vanhorn testified that he recognized the stolen tractor as the one found that day. (*See id*.) When the prosecutor showed People's Exhibit 25 to Ed Wurtzel, Jr., he testified that it was the same tractor (a 955 series) that had been rented. When asked "[i]s that, on Exhibit 25, the serial number or product identification number for the tractor that you rented that day?" Wurtzel Jr. responded, "Yes, sir." (ECF No. 11-17, PageID.1930.)

With respect to the discrepancy over the year model of the tractor, Ed Wurtzel Sr. testified that his store records erroneously indicated that the tractor rented on April 13, 1998, had been sold one month earlier to a different buyer. (*See* ECF No. 11-19, PageID.2024.) Wurtzel testified that this resulted from a clerical error, and that the rented tractor was a 1997 model:

The Prosecutor: On Proposed Exhibit 97, what did the inventory number go with, which John Deere tractor?

Wurtzel: That tractor went with the tractor that was stolen.

* * *

The Prosecutor: And that was a 1997 tractor?

Wurtzel: Yes.

The Prosecutor: Okay. And your records originally showed it being sold to Mike Wheeler?
Wurtzel: Exactly.

(*Id.*, PageID.2025.)

Wurtzel further testified that although the tractors appeared identical, one tractor was considered a 1997 model and the other a 1998 model based on the bill date. The stolen tractor's bill date was August 1997, while the tractor purchased by Wheeler was January 1998. (*See id.*, PageID.2026.) Because the issue of the tractor's identification was presented before the jury, Houthoofd has not presented new evidence on this point.

Finally, Houthoofd argues that he was convicted based upon a weak and unreliable identification as the renter of the tractor equipment. Again, this issue was presented to the jury and is not new evidence. Wurtzel, Jr. testified that he positively identified Houthoofd in a line-up at the jail in Standish. (*See* ECF No. 11-17, PageID.1931-1932.) The jury credited Wurtzel Jr.'s identification testimony against

35

Houthoofd. Houthoofd cannot now debate the strength of this evidence to show actual innocence.

For all of the reasons explained above, Houthoofd has not presented new evidence showing that he is actually innocent of the charge for which he was convicted in the False Pretenses Case. Accordingly, Houthoofd has not excused the procedural default with respect to the following claims attacking his conviction in that case: Claims I(a), I(b), I(c)(i), I(c)(ii), (I)(d)(ii), II(e), IV(h), and IV(i).

*Witness-Intimidation Case*. In this case, the prosecution alleged that Houthoofd made a threatening telephone call to the police detective who had investigated Houthoofd in connection with the False-Pretenses Case. The prosecutor presented witness Detective Michael Vanhorn, who testified that he received a threatening call from an unidentified caller. Detective Vanhorn testified that he recognized the caller as Houthoofd. (*See* ECF No. 11-13, PageID.1645.) Based on the evidence presented during trial, the jury returned a guilty verdict for this offense.

Houthoofd claims that he is actually innocent of the alleged witness intimidation. In support of that claim, he challenges the sufficiency of the evidence presented to convict him of the crime as well as the credibility of witness Detective Vanhorn. (*See* ECF No. 43-2, PageID.11418-11422.) However, none of these arguments show actual innocence because (1) the jury heard the evidence offered in

support of the evidence, and (2) the arguments are legal challenges to the sufficiency of the prosecution's case.

Therefore, Houthoofd has not excused his procedural default with respect to the following claims attacking his conviction in the Witness-Intimidation case: Claims I(c)(ii), I(d)(ii), II(d), II(e), and IV(h).

## IV

For all of the reasons explained above, **IT IS ORDERED** that the claims, with respect to the Solicitation Case associated with Roman numerals I(c)(ii), I(d)(ii), I(h), II(d), II(e), IV(c), IV(d), IV(e), IV(f), and IV(h) are unexhausted.

**IT IS FURTHER ORDERED** that the claims, with respect to the False-Pretenses Case associated with Roman numerals I(a), I(b), I(c)(i), I(c)(ii), (I)(d)(ii), II(e), IV(h), and IV(i) are procedurally defaulted.

**IT IS FURTHER ORDERED** that the claims with respect to the Witness-Intimidation Case associated with Roman numerals I(c)(ii), I(d)(ii), II(d), II(e), and IV(h) are procedurally defaulted.

Finally, the Court will convene a status conference with counsel in approximately twenty-one days to discuss next steps, including how Houthoofd would like to proceed in light of the Court's ruling above that many of the claims he seeks to pursue are unexhausted. Counsel for Houthoofd shall consult with

37

Houthoofd and shall be prepared to discuss next steps during the to-be-scheduled status conference

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 26, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

38